HIRING OF ARCHITECT — UNIVERSITY OF OKLAHOMA House Bill 1503, now 61 O.S. 61 [61-61] — 61 O.S. 64 [61-64] (1974), applies to the Board of Regents of the University of Oklahoma. This is to acknowledge receipt of your letter wherein you ask, in effect, whether the Board of Regents of Oklahoma University is subject to the requirements and procedures of House Bill 1503. House Bill 1503, now 61 O.S. 61 [61-61] — 61 O.S. 64 [61-64] (1974), provides for the employment of architectural, engineering and/or planning services for any public improvement project to be constructed by the State of Oklahoma. This act provides for the compliance with certain procedures concerning the employment of the above services. The governing authority at the University of Oklahoma is vested in a Board of Regents. Article XIII, Section 8, of the Oklahoma Constitution, states, in part: "The government of the University of Oklahoma shall be vested in a board of regents. . ." To determine the extent of governing powers, it is necessary to go to statutory and case authority. Title 70 O.S. 3301 [70-3301] — 70 O.S. 3311 [70-3311] (1971) relate to the University of Oklahoma; 3305 sets out powers of the Board of Regents, and states in part: "The Board of Regents of the University of Oklahoma shall have the supervision, management and control of the University of Oklahoma and all its integral parts and shall have the following additional powers and duties: * * * "(b) Employ and fix compensation and duties of such personnel as it deems necessary, including architects, attorneys, engineers, and other professional and technical persons, for its operation and for the operation of the University of Oklahoma. . . "(c) Enter into contracts, purchase supplies, materials and equipment, and incur such other expenses as may be necessary to make any of its powers effective. "(g) Direct the disposition of all moneys appropriated by the Legislature or by the Congress or derived from the sale of bonds or received from any other source by the University of Oklahoma. * * * "(i) Have supervision and charge of the construction of all buildings at the University of Oklahoma. "(j) Determine the need for and cause to be constructed, dormitories and other buildings, on a self-liquidating basis at the University of Oklahoma or any branch or facility thereof." There have been cases that set out the various areas of authority for constitutionally created Boards of Regents. In Pyeatte v. Board of Regents of the University of Oklahoma, 102 F. Supp. 407 (W.D., Okl.); the court determined that the Board of Regents of the University of Oklahoma had the authority to enact rules, regulations and by-laws pertaining to undergraduate housing. This case held that the term " government" is very broad and necessarily included power to pass all rules and regulations which the Board considers to be for the benefit of the health, welfare, morals, and education of students, so long as such rules are not expressly or impliedly prohibited. (Emphasis added.) This case was affirmed in the U.S. Supreme Court, 342 U.S. 936. In the case of Rheam v. Board of Regents of the University of Oklahoma, 18 P.2d 535, 161 Okl. 268 (1933), the court held that the Board of Regents of the University of Oklahoma had implied power to do everything necessary to accomplish the objects of the school, which were not expressly or impliedly prohibited. You cite in your letter the case of Trapp, State Auditor v. Cook Construction Company,24 Okl. 850, 105 P. 667, as authority for the position that the legislature could not create a state agency and give its powers which contravene those of a constitutional board. This case can be distinguished from the present situation in that in the Trapp case, the court made the observation that when the constitutional provision pertaining to Oklahoma A M Colleges was adopted, it in effect incorporated or adopted previously enacted legislation that granted certain powers to the Board of Regents of Oklahoma A M Colleges. The legislature later tried to transfer some of these powers to the Board of Affairs, and the Supreme Court said this could not be done. With reference to House Bill 1503, it should be noted that this does not prohibit or restrict the Board of Regents from using "consulting" services, which is defined as architectural, engineering or planning services; it merely sets out the procedure for selecting the consultant. The particular agency involved makes the selections in accordance with guidelines contained in House Bill 1503. It should further be noted that House Bill 1503 makes the Act binding on any state "department." Department is defined as any agency or department of the State of Oklahoma. This would include the Board of Regents of Oklahoma. It is, therefore, the opinion of the Attorney General that your question be answered as follows. House Bill 1503, now 61 O.S.Supp. 61 — 61 O.S. 64 [61-64] (1974), applies to the Board of Regents of the University of Oklahoma for the reason that it does not attempt to take away the power of the Board of Regents to hire an architect, engineer or planning consultant, but instead, merely provides for a procedure for the Board of Regents to select and hire such architect, engineer or planning consultant. (Todd Markum)